# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

YASIR MEHMOOD,

    Plaintiff,

    v.

UNITED STATES, et al.,

    Defendants.

No. 2:18-CV-2873-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the United States and the United States Attorney General as defendants. According to plaintiff, he was arrested on federal criminal charges in April 2012 and subsequently "bailed out" on a $50,000.00 appearance bond secured by his house. Plaintiff states he cut his ankle GPS monitor unit in February 2013, but did not flee. Plaintiff was re-arrested in March 2013 and the appearance bond was forfeited. Plaintiff states he was sentenced in February 2017 and remanded to Immigration and Customs Enforcement (ICE) custody, where he remains in custody. Plaintiff claims forfeiture of the appearance bond violated his constitutional and statutory rights because he never failed to appear and, therefore, did not violate the terms of his pre-trial release. According to plaintiff, the conditions of his release did not include a prohibition on removing his ankle monitor.

## II. DISCUSSION

The court finds plaintiff's complaint currently fails to state a claim for relief because the factual allegations are not only implausible, they appear to be false. A review of court files reflects a criminal complaint was filed against plaintiff on April 6, 2012, in United States v. Mehmood, 2:12-CR-0154-JAM.[1] A review of the docket for that case reflects plaintiff

---

[1] **Error! Main Document Only.**The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of its own records. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Moreover, while the court must construe the alleged facts in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam), the court may consider judicially-noticeable materials, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

was released on a $50,000.00 appearance bond with conditions of release. Specific conditions of release were filed on April 16, 2012, and include a requirement for an ankle monitor. On the same day, plaintiff signed a "Notice to Defendant Being Released" acknowledging the conditions of release. Given these judicially-noticeable facts, coupled with plaintiff's admission that he removed his ankle monitor, it does not appear there is any basis for plaintiff's current claim he was denied due process in the context of the conditions of his release or forfeiture of the appearance bond. In the interest of justice, however, and to allow plaintiff a full and fair opportunity to make a record supporting his claim, the court will permit plaintiff leave to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

3

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: November 21, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE